UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
_____

HAWORTH, INC.,

    Plaintiff,

vs.

EXEMPLIS CORPORATION,

    Defendant.
_____/

Case No.

Hon.

**COMPLAINT AND JURY DEMAND**

James Moskal (P41885)
Warner Norcross & Judd LLP
Attorney for Plaintiff
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503
(616) 752-2000
_____/

Plaintiff complains against defendant as follows:

1. This is an action for patent infringement under Title 35 of the United States Code, as to which the Court has jurisdiction pursuant to 28 U.S.C. § 1338, and as to which venue lies under 28 U.S.C. § 1400. This is also an action for trade dress infringement under the Lanham Act, 15 U.S.C. § 1125, as to which the Court has jurisdiction pursuant to 28 U.S.C. § 1338, and as to which venue lies under 28 U.S.C. § 1391.

2. Plaintiff is a Michigan corporation having its principal place of business in Holland, Michigan.

3. Defendant is a California corporation. Defendant does business as SitOnIt Seating, and defendant has committed substantial acts of infringement in this judicial district.

4. Plaintiff is an industry leader in the design and sale of office chairs, among other products. One chair, known as plaintiff's "Very Side" chair within its "Very" line of chairs, is the subject of plaintiff's United States Patent No. D643,640 (the "Patent"), a copy of which is attached as Exhibit A.

5. The Patent was duly issued on August 23, 2011, and plaintiff is the owner of it by assignment of the inventors.

## COUNT I

## DESIGN PATENT INFRINGEMENT

6. Plaintiff incorporates the allegations in paragraphs 1-5 above.

7. Defendant, without authority or license from plaintiff, has intentionally made, used, offered to sell and sold chairs having product designs that infringe the Patent, in violation of 35 U.S.C. § 271(a). Upon information and belief, defendant intentionally designed the infringing chairs to look like plaintiff's Very chair. Defendant markets the infringing chairs under the product name "Rio."

8. Exemplary comparisons of the patented design and the infringing Rio design are set forth below.



-4-





9. Defendant's Rio chair infringes the Patent in at least the following ways:

    a. Single one-piece molded back

    b. Two uprights on opposed sides of back

    c. Angled notch on rear surface of each upright

    d. Armrest pad proportion

    e. Vertical armrest cap proportion

    f. Armrest cap proportion

    g. Outward turning top of seat back

    h. Lower back opening shape

-6-

    i.      Visible horizontal frame cross member

    j.      Vertical downward angled rear legs

    k.     Downward curling front seat edge

    l.      Outwardly protruding rear seat edge

    m.    Rear feet proportion

    n.     Front feet proportion

    o.     Overall size

    p.     Frame proportion

    q.     Gradual curving back

    r.     Rearward curving top and bottom back edges

    s.     Transitioning rear leg into armrest support

    t.      Rearward extending armrest

    u.     Cantilevered armrest

    v.     Angled armrest from rear leg

    w.    Back pivot point

    x.     Cylindrical legs

    y.     Angled lower rear leg

    z.     Seat proportion

    aa.    Back proportion

10. Plaintiff provided written notice to defendant of defendant's infringement, but defendant has refused to cease its infringing activities.

11. Defendant is a direct competitor of plaintiff, and defendant's infringement has irreparably harmed plaintiff. Defendant will continue to infringe unless enjoined by the Court.

12. Plaintiff is aware of the prosecution history of the Patent and the decision in *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694 (Fed. Cir. 2014). That decision does not properly preclude this infringement claim.

## COUNT II

## TRADE DRESS INFRINGEMENT

13. Plaintiff incorporates the allegations in paragraphs 1-12 above.

14. For more than 30 years, plaintiff has continuously engaged in the development, design, manufacture and sale of office chairs, and plaintiff has become a premier source for office seating throughout the United States.

15. For approximately six years, plaintiff has extensively promoted its Very line of chairs in national marketing campaigns and other advertising, expending substantial time, effort and funds. These efforts have resulted in significant sales.

16. The configuration of plaintiff's Very line of chairs constitutes protectable, non-functional trade dress, including, depending on the chair:

    a. The internal shape of the back opening

    b. The shape of the back

    c. The shape of the seat

    d. The angle of the arm

    e. The rearward extending armrest

17. The Very trade dress has resulted in considerable consumer recognition and goodwill for plaintiff, and it has acquired secondary meaning by which the relevant public identifies the Very line of chairs with plaintiff. The trade dress is distinctive and has acquired distinctiveness in the minds of consumers. The trade dress is depicted in attached Exhibit B.

18. Defendant's marketing and sale of the Rio chair, as well as other chairs in its Rio line, infringes plaintiff's trade dress, as a result of which plaintiff has been damaged. The infringing line of chairs, which corresponds to the chairs in the Very line, is depicted in the attached Exhibit C. Defendant sells the infringing line of chairs through the same marketing channels used by plaintiff.

19. Defendant's marketing and sale of the Rio line of chairs has caused and is likely to cause confusion concerning the source and origin of the chair, or to cause mistake or to deceive.

20. Defendant's marketing and sale of the Rio line of chairs has caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with plaintiff or as to the origin, sponsorship, or approval of the Rio line of chairs.

WHEREFORE, plaintiff requests that the Court:

(a) Enjoin defendant from infringing the Patent and plaintiff's trade dress;

(b) Award plaintiff damages and enhanced damages;

(c) Award plaintiff interest, cost and attorney fees; and

(d) Grant plaintiff all additional relief to which it is entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

WARNER NORCROSS & JUDD LLP

Dated: January 6, 2016
By: s/ James Moskal
James Moskal (P41885)
Attorney for Plaintiff
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503
(616) 752-2000

001030.165302 #13654787-1